UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MALIA A. BAKER,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,[1]<br><br>    Defendant. | No. CV-12-00132-CI<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment. ECF No. 17, 20. Attorney Maureen J. Rosette represents Malia A. Baker (Plaintiff); Special Assistant United States Attorney Jeffrey R. McClain represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 3. After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to FED. R. CIV. P. 25(d, Carolyn W. Colvin is substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit. 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

**JURISDICTION**

On May 4, 2009, Plaintiff filed a Title XVI application for supplemental security income alleging disability beginning September 15, 2001. Tr. 20.[2] Plaintiff reported that she could not work due to "Bipolar Disorder I, Intermittent Psychotic Features, PSA in remission, ADHD, Borderline Personality Disorder, Cutting Self Borderline Personality Disorder with Intermittent Psychotic Features . . . Bi-polar schizoaffective disorder." Tr. 151. Plaintiff's claim was denied initially and on reconsideration, and she requested a hearing before an administrative law judge (ALJ). Tr. 82-128. A hearing was held on September 23, 2010, at which medical expert Donna Mary Veraldi, Ph.D., vocational expert Jinnie L. Lawson and Plaintiff, who was represented by counsel, testified. Tr. 36-81. ALJ Marie Palachuk presided. Tr. 36. The ALJ denied benefits on October 15, 2010. Tr. 20-31. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 46 years old, five foot five inches, and weighed 200 pounds. Tr. 49-50. She is divorced, has one adult child, and she lives with her mother. Tr. 50; 56. She completed high school, and has worked as an administrative assistant, a paralegal, a library assistant and a bookkeeper. Tr. 50.

---

[2]The court notes the discrepancy in reported dates of filing, but in light of the disposition of this case, the discrepancy is immaterial. See, Tr. 82-83; 146.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

Plaintiff testified that she was a heroin user off and on for decades, and she "truly, truly quit" in May 2010. Tr. 55-56. Plaintiff also testified that she hears 60-cycle hums, whispering and voices that grow louder when she is near electronics. Tr. 56-57. Plaintiff said she has tried to commit suicide several times. Tr. 57-58. She said her medications help, but do not completely eliminate the voices. Tr. 58. In describing her condition, Plaintiff said that despite the medication, she still experiences weeks of mania, followed by weeks of depression. Tr. 61-62.

Plaintiff said she can perform simple household chores, but she makes mistakes. Tr. 68. Plaintiff also said she spends much of her day reading and praying, and she walks the dog. Tr. 65; 69. Plaintiff attends mental health counseling three times per week. Tr. 67. She uses the public bus for transportation. Tr. 67.

Plaintiff testified that she does not trust people, and that people make her "close down," feel frightened, and if this anxiety gets severe, she cuts herself. Tr. 71-72.

**ADMINISTRATIVE DECISION**

At step one, ALJ Palachuk found that Plaintiff had not engaged in substantial gainful activity since May 4, 2009. Tr. 22. At step two, she found Plaintiff had the severe impairments of attention deficit hyperactivity disorder, schizoaffective disorder with delusions, bipolar disorder and polysubstance addiction disorder. Tr. 22. At step three, the ALJ determined Plaintiff's impairments, including her substance use disorders, meet sections 12.02, 12.03, 12.04, and 12.09 of 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 416.920(d)). Tr. 23. The ALJ found that if claimant

stopped the substance use, the remaining limitations would cause more than a minimal impact on Plaintiff's ability to perform basic work activities and, therefore, she would continue to have a severe impairment or combination of impairments. Tr. 24. However, the ALJ concluded that if Plaintiff stopped the substance use, she would not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. 416.920(d). Tr. 24. The ALJ also found that if Plaintiff stopped the substance use, she would have the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations:

> [T]he claimant would have sufficient attention and concentration to understand, remember, and complete simple, routine and repetitive tasks involving up to three step commands, but is unable to engage in production rate pace of work and should work in jobs that focus on the meeting of goals. She can only have occasional interaction with the general public and will require an essentially isolated position with only occasional supervision. The claimant will require an occasional (up to one per day) unscheduled break if her symptoms become severe.

Tr. 25. In step four findings, the ALJ found the discrepancies in Plaintiff's testimony about her mental limitations along with the evidence in the record "diminish the persuasiveness" of Plaintiff's subjective complaints and alleged limitations. Tr. 27. The ALJ also found that if Plaintiff stopped substance use, she would be unable to perform past relevant work. Tr. 29. At step five, the ALJ found that if Plaintiff stopped the substance use, a significant number of jobs in the national economy exist that Plaintiff could perform, such as housekeeping cleaner, pricer/marker and laundry

1  worker.  Tr. 29-30.

2                          **STANDARD OF REVIEW**

3      In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the
4  court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

## ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff argues that the ALJ erred by failing to properly weigh the medical

evidence.  ECF No. 18 at 9-14.

**DISCUSSION**

Plaintiff contends that the ALJ failed to provide "specific," "legitimate reasons supported by substantial evidence," ECF No. 18 at 13, for rejecting the opinions of Dr. Arnold and Dr. Cavenee.[3] ECF No. 18 at 9-14.

**A.    John Arnold, Ph.D.**

Plaintiff argues that the ALJ failed to set forth specific and legitimate reasons for rejecting Dr. Arnold's opinion that Plaintiff has marked limitations in her ability to relate appropriately to coworkers and supervisors, as well as respond appropriately to and tolerate the pressures and expectations of a normal work setting. ECF No. 18 at 13.  Defendant responds that the ALJ properly incorporated Dr. Arnold's check-the-box form evaluation into his narrative opinion, which was adopted by the ALJ.  ECF No. 20 at 4-5.

---

[3] Plaintiff devotes a single sentence to an alleged claim that the ALJ "relied on the testimony of [non-examining] Dr. Veraldi, over the opinions of examining sources." ECF No. 18 at 12.  It is not clear from this abbreviated reference that Plaintiff intends to raise an issue related to whether the ALJ erred by according too much weight to the opinion of the non-examining, testifying physician.  However, in the absence of meaningful analysis and citation to the record, the court should not address this issue. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008)(the court ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The opinion of an examining physician is entitled to greater weight than the opinion of a nonexamining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Gallant v. Heckler*, 753 F.2d 1450 (9th Cir. 1984). The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer*, 908 F.2d at 506. If contradicted by another doctor, an examining doctor's opinion can be rejected only for "specific and legitimate reasons that are supported by substantial evidence in the record." *Morgan*, 169 F.3d at 603-604. The ALJ gave "great weight" to the opinion from Dr. Arnold that found Plaintiff had marked limitations in cognitive and social factors. Tr. 27. The ALJ also noted that Dr. Arnold opined that if Plaintiff stopped using drugs and alcohol, she would be able to perform certain work activities. Tr. 27.

Dr. Arnold examined Plaintiff on June 18, 2010, and completed a Psychological/Psychiatric Evaluation form. Tr. 632-45. On the form, Dr. Arnold indicated that Plaintiff had "marked," or "very significant interference" in three areas of ability: (1) to exercise judgment and make decisions; (2) to relate appropriately to co-workers and supervisors; and (3) to relate appropriately to and tolerate the pressures and expectations of a normal work setting. Tr. 635. In response to the directive on the form, "describe what the individual is capable of doing despite his/her impairments," Dr. Arnold opined:

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

> Ms. Baker will be able to remember locations and simple work like procedures. She will be able to understand, remember and carry out simple verbal and written instructions. She will be able to concentrate for limited periods. She will be able to make simple work related decisions. She will be able to ask simple questions. She will be able to accept instructions. She will be aware of normal hazards and take appropriate precautions. She will be able to travel in unfamiliar places and use public transportation.

Tr. 635. As Defendant points out, Plaintiff's RFC incorporated significant portions of Dr. Arnold's opinion. Particularly, the RFC limits Plaintiff to "simple, routine and repetitive asks," which reflects Dr. Arnold's opinion that she will be able to understand, remember and carry out simple instructions. Simply put, the record reveals that the ALJ incorporated Dr. Arnold's opinions in Plaintiff's RFC. As such, Plaintiff's claim that the ALJ rejected Dr. Arnold's opinion is not supported by the record.

**B.   Gerald Cavenee, Ph.D.**

Plaintiff argues that the ALJ erred in weighing Dr. Cavenee's opinion because Dr. Cavenee opined that the effects of Plaintiff's substance use on her current mental health were negligible and she was compliant with methadone treatment. ECF No. 18 at 8.

Gerald Cavenee, Ph.D., examined Plaintiff on May 24, 2010, and completed a Psychological/Psychiatric form. Tr. 623. Dr. Cavenee noted that Plaintiff was diagnosed with substance abuse or dependence, but opined "effects on current [mental health] are negligible, remains [clean/sober] on methadone, is compliant with such treatment." Tr. 621. Dr. Cavenee opined that Plaintiff had several severe limitations in performing routine tasks without undue supervision, interacting safely and effectively in a work setting

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

with limited public contact, and in performing effectively in a work setting. Tr. 621. Dr. Cavenee noted that Plaintiff needed medication and psychotherapy and "is quite incapable of gainful employment . . . her ability to work cannot be determined until stability is attained. [Mental health] attention needs to continue for work to ever be possible." Tr. 622.

The reasons the ALJ gave for discounting Dr. Cavenee's opinion was that at that time, Plaintiff was suffering from opioid dependence, and the opinion was contradicted by later medical evaluations conducted after Plaintiff stopped using substances. Tr. 29. An individual is not considered disabled if alcoholism or drug addiction is a contributing factor material to the determination that the individual is disabled. 42 U.S.C.S. § 423(d)(2)(C); 1382c(a)(3)(J). The ALJ's discounting of Dr. Cavenee's opinion was proper, because Dr. Cavenee examined Plaintiff when she was still undergoing "agonist therapy."[4] Tr. 620. As a result, Dr. Cavenee's opinion was of little value in determining Plaintiff's limitations when she is not experiencing the effects of drug use, or replacement medication for drug dependence.

The second reason the ALJ provided for discounting Dr. Cavenee's opinion was that it was inconsistent with later medical evaluations. Contrary opinions from other medical sources is a specific and legitimate reason to reject an examining physician's

---

[4] "Agonist therapy" is a prescribed replacement medication intended to diminish, and eventually eliminate, the patient's original drug dependence. Diagnostic and Statistical Manual of Mental Disorders, Text Revision, pp. 32-4 (4th ed. 2000).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

opinion. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2002).

Moreover, the record supports the ALJ's conclusion. For example, on June 29, 2010, examining physician John Tran, M.D., noted that Plaintiff admitted she had been "off her medications for awhile." Tr. 670. Dr. Tran also noted that Plaintiff's "[j]udgment is good enough, knows she needs to follow treatment, knows that medications help her, and she has a lot of insight." Tr. 671. Additionally, after reviewing the record, Dr. Veraldi testified that without substance use, Plaintiff's functional limitations in daily activity living is mild, social functioning is mild to moderate, and concentration, persistence and pace is moderate with "episodic periods where it gets marked if she is having significant problems with either mania or depression." Tr. 47. The medical record supports the ALJ's determination that Dr. Cavenee's opinion was contradicted by other physicians. As such, the ALJ's reasons for giving little weight to Dr. Cavenee's opinion were specific and legitimate and supported by the record.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error. Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 20**, is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **DENIED.**

The District Court Executive is directed to file this Order and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **DEFENDANT** and the file shall be **CLOSED.**

DATED August 12, 2013.

                     <u>S/ CYNTHIA IMBROGNO</u>
                  UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12